## NO APPEAL FROM AN AWARD BY THE INDUSTRIAL COMMISSION.

Court of Appeals for Allen County.

STATE LIABILITY BOARD OF AWARDS ET AL v. NEWTON SNYDER.*

Decided, November 4, 1915.

*Workmen's Compensation Law—Act of May 31, 1911 (102 O. L., 524)—
Rights of Appeal—Section 36 Construed.*

Under the act of May 31, 1911 (102 O. L., 524), when an award has
been made upon the application of an injured employee, appeal
does not lie from the board's action in the matter of determining
the amount or amounts of such award.

*Engene Carlin* and *J. J. Weadock,* for plaintiffs in error.
*T. R. Hamilton,* contra.

CROW, J.

Defendant in error, who was plaintiff below, was injured in
the course of his employment while in the service of the Lima
Locomotive Corporation, which had complied with the laws of
this state relative to workmen's compensation insurance.

The accident occurred January 18, 1913. Subsequently he
made application to the State Liability Board of Awards, which
took cognizance of the same, and on May 14, 1914, by warrant on
the state treasurer, disbursed the sum of $181.71 to the claimant.
On the same date, by a like warrant, the amount of $18 was
paid to the attending physician, whose verified report was filed
by plaintiff in support of his said application. On May 26, 1914,
by a warrant similar to the above, the sum of $19 was paid to
claimant. This warrant appears to have been issued to cover
hospital charges incident to plaintiff's injuries. No further pay-
ment was made to plaintiff below nor on account of the accident
to him.

On September 25, 1913, the claimant caused a notice of ap-
peal to be served on the prosecuting attorney of Allen county,

---

*Affirmed with opinion, *State Liability Board of Awards* v. *Snyder,*
94 Ohio State.

Ohio (the county wherein his injuries were incurred), from the action of the board, and on October 24, 1913, filed his petition in the court of common pleas of said county, against said board and the industrial commission of Ohio.

In said notice of appeal and petition, the claimant set forth the nature of his employment, the compliance by said employer with the provisions of the workmen's compensation law of Ohio, the date he sustained said injuries, the nature of the latter, the circumstances attending the accident to him, the fact that he had made application to the defendant State Liability Board of Awards, the cognizance of said application by said board, the election of plaintiff to accept under the provisions of said laws, the incapacity of plaintiff from following his usual vocation, and that in the month of August, 1913, said board absolutely rejected his claim without right or authority and refused to make payments in compliance with the laws above referred to.

The case was submitted to a jury, who returned a verdict in favor of plaintiff below. Judgment was rendered on the verdict, and by this proceeding in error it is sought to reverse said judgment.

The bill of exceptions does not contain the record of proceedings of the board in the matter of plaintiff's claim.

It does appear, however, from a letter dated June 21, 1913, in answer to one from claimant, dated the 19th of that month, that the chief clerk of the board informed claimant that his claim would come up for further consideration by the board within the next few days and that he would be promptly advised as to the further disposition of it. The contents of said letter from the claimant are not disclosed.

And it further appears, by a letter dated August 26, 1913, from the chief medical examiner of the State Liability Board of Awards, to the attorney for the claimant, in answer to a letter from the latter that on August 11, 1913, "The board acted on the case, August 11, and considered that no further compensation was due," and that "the case was closed."

Between August 26, 1913, and the commencement of plaintiff's said action he made no further application to the board.

As already stated, the record under review does not show the proceedings of the board, excepting as they may be gathered from the evidence of the plaintiff, the warrants (which were paid to the payees), the letters above referred to, and the evidence of the chief medical examiner.

While the date does not appear with entire clearness, the fact is that subsequently to the receipt of the warrant by plaintiff for the $181.71, the chief medical examiner made a personal examination of the claimant at his home in Lima, Ohio. He testified that he was not requested to make the examination but did so of his own volition under a rule of the board requiring such action in "difficult cases." His evidence further shows that the payments by the two warrants above mentioned, to the claimant, were based upon plaintiff's application, the verified report of his attending physician, and the report of the board's local physician. And from the testimony of the witness it appears that upon his report, the board, on August 11, 1913, took the action set forth in his letter of August 26, 1913.

The controlling question in the case depends on the construction of Section 36 of the act found at page 524 of Volume 102 Ohio Laws, now Section 1465-75, General Code, and related sections.

Plaintiff in error contends that because the claimant participated in the insurance fund, the court below was without jurisdiction to entertain plaintiff's appeal and petition.

Defendent in error insists that there was no "final action" on the claim until the step taken on August 11, 1913, which was the denial of the right of the claimant to further participate.

Viewing the language of Section 36 alone, the position of defendant in error does not seem to be without foundation. The pertinent provisions of that section are as follows:

"The board shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final.

"Provided, however, in case the final action of such board denies the right of the claimant to participate at all in such fund on the ground that the injury was self-inflicted or on the

ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right." * * *

But in the interpretation of the meaning of the words "final action," resort must be had to the context of the law, the dominant purposes of which are to lodge in the board the power of accumulation of the fund, and its distribution (within the limits prescribed) among those for whose benefit it is created.

Within the scope of these purposes it is the obvious intent of the legislation to make the board supreme, but there is no such manifest purpose, so far as concerns the determination of the status of eligibility of one who seeks to become a beneficiary.

The act would be lacking in vitality if the arbitrary power were sought to be conferred upon the board, of determining who might or might not be proper recipients of the relief provided by the legislation. A provision must of necessity have been made whereunder a person amenable (as plaintiff below was) to the law, should have "his day in court," on the question of his right to participate in a fund to which alone he would be compelled to look for redress.

Section 33 of the act, now Section 1465-72, General Code, declares the power and jurisdiction of the board over each case to be continuing, and that it may from time to time make such modification of, or change in, its former findings or orders with respect thereto, as, in its opinion, may be justified.

In the light of this section and of the general language of the remainder of the act, what can properly be said to have been in legislative contemplation, by the employment of the words "final action" in Section 36, in its relation to the subject of the section, namely, the right of participation at all in the fund?

The construction urged by defendant in error would confine the term "final action" to the latest step taken by the board, rather than to the jurisdictional determination by it.

Section 1465-75, by its own unambiguous language, declares in the board full power and authority to hear and determine all questions *within its jurisdiction,* and makes its decision final thereon.

Of course, the jurisdiction of the board in any case depends on the eligibility of the claimant to participate to *any extent* in the fund.

In view of the purpose sought to be accomplished by the act, the means and methods of such accomplishment, and of the language of all the remainder of the act, the conclusion seems inevitable that the words "final action" relate solely to the matter of determination of the *right* to share in the accumulation resulting from the collective premiums.

From the denial of such right, the claimant may appeal, and upon proceedings thereunder, that question shall be adjudicated by the law of the land, and all other matters, properly in controversy, be therein disposed of.

Consequently, when a claimant invokes the provisions of the legislation, and after determination in his favor fixing his status of eligibility to participate, the amount of allowance made by the board can not be reviewed by way of appeal to the courts.

The power and jurisdiction of the industrial commission still exist over the subject of claimant's injuries, but the question of the *extent* of the relief awarded by it or its predecessor has not, by any provision of existing statutes, been made reviewable by judicial proceeding.

KINDER, J., concurs; ANSBERRY, J., not sitting.